UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00411-FDW-DCK

| | |
|---|---|
| AUDREY L. KIMNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LYNN GOOD and ) | |
| DUKE ENERGY CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), and the related initial review of the pro se Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.     Application to Proceed without Prepaying Fees or Costs**

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). "The current statute permits an individual to litigate a federal action in forma pauperis if the individual files an affidavit stating, among other things, that he or she is unable to prepay fees 'or give security therefor.'" Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting 28 U.S.C. § 1915(a)(1)). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed "in forma pauperis" need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation.

1

Id. at 339–40. If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

The Court has considered Plaintiff's Affidavit and is satisfied Plaintiff is unable to pay the costs of these proceedings. Thus, the Application to proceed in forma pauperis will be granted.[1]

## II. Initial Review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)

Because Plaintiff is permitted to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To determine whether a complaint fails to state a claim for relief under Section 1915(e)(2)(B), the court applies the same standards applicable in reviewing a Fed. R. Civ. P. 12(b)(6) dismissal. Martin v. Duffy, 858 F.3d 239, 248 (4th Cir. 2017). On initial review, "[c]ourts should not dismiss a complaint for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (quotation omitted).

Furthermore, "under the notice pleading standards of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff need not lay out every fact of his lawsuit." Clark v. Smith, No. 22-6958, 2023 WL 4198038, at *2 (4th Cir. June 27, 2023). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S.

---

[1] Any recovery in this action will be subject to payment of fees and costs, including service of process fees, and the $405.00 filing fee.

89, 93 (2007). The claim "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The claim must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action;" and it must "contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Clark, No. 22-6958, 2023 WL 4198038, at *2 (quoting Twombly, 550 U.S. at 555, 570).

The Court construes liberally the allegations in a pro se complaint. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint that set forth a cognizable claim. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Plaintiff filed the instant action against Duke Energy Corporation[2] and Ms. Lynn Good on April 23, 2024. Construing Plaintiff's allegations liberally, she appears to allege rights to her ex-husband's benefits governed by the Employee Retirement Income Security Act ("ERISA"); violations of her rights under the Americans with Disabilities Act ("ADA") and Fourteenth Amendment; and violations of the Federal Tort Claims Act ("FTCA"). Notably, this case mirrors Kimner v. Duke Energy Corp., No. 3:23-c-00369—another case before this Court filed by Plaintiff. The Court dismissed the first filed case on August 7, 2024. For the same reasons, the Complaint in this matter is dismissed.

As plead, Plaintiff has failed to exhaust the administrative remedies available to her through both the Duke Energy Retirement Cash Balance Plan and the Duke Energy Retirement Savings Plan. Additionally, Plaintiff has failed to present a valid Qualified Domestic Relation

---

[2] The Court notes Duke Energy Corporation appears to be improperly identified. Plaintiff likely seeks to sue Duke Energy 401K and Retirement Savings Plan.

3

Order entitling her to any portion of the Plans in the first instance. Furthermore, as to Plaintiff's negligence claims, Plaintiff fails to show any duty owed by Defendants to Plaintiff for the status of the First Lawsuit, any breach of such duty, or any alleged damages that resulted from said breach. Therefore, the claims against Duke Energy Corporation must be dismissed.

As for Defendant Good, whether a plaintiff can establish a cause of action against an individual depends on whether the individual defendant owed a duty directly to the plaintiff. North Carolina State law holds that "a director, officer, or agent of a corporation is not, merely by virtue of his office, liable for the torts of the corporation or of other directors, officers, or agents." Oberlin Capital, L.P. v. Slavin, 147 N.C. App. 52, 57 (2001). While "'[a] director or other corporate agent can . . . be held directly liable to an injured third party for a tort personally committed by the director or on in which he participated,' participation requires active involvement in the tortious conduct; mere awareness or knowledge of the alleged wrongdoing is not enough." Global Textile All., Inc. v. TDI Worldwide, LLC, 2018 NCBC 54 ¶ 28 (N.C. Super. Ct. June 5, 20218) (citing Oberlin, 147 N.C. App. at 57). Plaintiff has failed to assert any action on behalf of Defendant Good which indicates active involvement in any tortious conduct. Accordingly, Plaintiff's claims against Defendant Good must also be dismissed.

The Court will dismiss Plaintiff's Complaint with prejudice as frivolous and as subject to the Court's dismissal with prejudice of Plaintiff's Complaint in Case No. 3:23-cv-369. The Plaintiff cannot circumvent the Court's ruling or the pace of a case by simply filing another identical action.

**Plaintiff is strongly cautioned that repeated filing of frivolous or improper actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Application, (Doc. No. 2), is GRANTED.

2. The Complaint, (Doc. No. 1), is DISMISSED WITH PREJUDICE for the reasons stated in this Order.

3. Defendants' Motion to Dismiss, (Doc. No. 6), is DENIED AS MOOT.

**IT IS SO ORDERED.**

Signed: August 7, 2024

Frank D. Whitney
United States District Judge

# United States District Court
## Western District of North Carolina
## Charlotte Division

| | | |
|---|---|---|
| Audrey L. Kimner, | ) | JUDGMENT IN CASE |
| | ) | |
| Plaintiff(s), | ) | 3:24-cv-00411-FDW-DCK |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynn Good | ) | |
| Duke Energy Corporation, | | |
| Defendant(s). | ) | |

· DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's August 7, 2024 Order.

August 7, 2024

*[signature]*

Katherine Hord Simon, Clerk
United States District Court