UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00411-FDW-DCK

| | |
|---|---|
| AUDREY L. KIMNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| LYNN GOOD AND | ) |
| DUKE ENERGY CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion to Vacate the Clerk's Judgment, Vacate the Order granting Plaintiff's Application to proceed in forma pauperis and dismissing Plaintiff's Complaint with prejudice, and Motion for Recusal.[1] (Doc. No. 12.) As explained in the Court's Order, Plaintiff failed to exhaust the administrative remedies available to her through both the Duke Energy Retirement Cash Balance Plan and the Duke Energy Retirement Savings Plan; Plaintiff failed to present a valid Qualified Domestic Relations Order entitling her to any portion of the Plans in the first instance; and Plaintiff failed to show any duty owed by Defendants to Plaintiff for the status of the First Lawsuit, any breach of such duty, or any alleged damages that resulted from said breach. (Doc. No. 10, pp. 3–4.) Additionally, the Court's Order also explained Plaintiff failed to assert any action on behalf of Defendant Good which indicates active involvement in any tortious conduct. (Id., p. 4.).

---

[1] The Court notes Plaintiff's Motion's caption states it is a "Request to . . . Recuse . . . ." (Doc. No. 12, p. 1.) Plaintiff writes "these two judges who should recuse . . . ." (Id., p. 2.) As Plaintiff does not identify the judges she is referring to and does not make any specific arguments, the Court finds this to be without merit.

1

The Court believes Plaintiff intended to file her Motion pursuant to Federal Rule of Civil Procedure 60(b), which provides relief from a final judgment, order, or proceeding. Relief under this rule constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." <u>Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.</u>, 674 F.3d 369, 378 (4th Cir. 2012). The moving party must initially show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. <u>Dowell v. State Farm Fire & Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993). Then, the moving party must satisfy the requirements of Rule 60(b). <u>Id.</u> The Court finds there is no basis to vacate the Clerk's Judgment and no basis to vacate its Order granting Plaintiff's Application to proceed in forma pauperis and dismissing Plaintiff's Complaint with prejudice.

Plaintiff is once again strongly cautioned against repeatedly filing frivolous or improper actions. Doing so may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion to Vacate the Clerk's Judgment, Vacate the Order granting Plaintiff's Application to proceed in forma pauperis and dismissing Plaintiff's Complaint with prejudice, and Motion for Recusal, (Doc. No. 12), is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 27, 2024

Frank D. Whitney
United States District Judge