UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00411-FDW-DCK

| | |
|---|---|
| AUDREY L. KIMNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| DUKE ENERGY CORPORATION, LYNN GOOD, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion to Reopen Case. (Doc. No. 15.) Defendants did not file a response, and this matter is now ripe for ruling. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

On April 23, 2024, Plaintiff filed her *pro se* Complaint and a Motion to Proceed *in forma pauperis*. (Doc. Nos. 1–2.) On August 7, 2024, the Court granted the Motion to Proceed *in forma pauperis* and dismissed Plaintiff's Complaint with prejudice. (Doc. No. 10.) Specifically, the Court dismissed Plaintiff's Complaint with prejudice "as frivolous and as subject to the Court's dismissal with prejudice of Plaintiff's Complaint in Case No. 3:23-cv-369." (Id. at 4.) The Court cautioned Plaintiff that she "cannot circumvent the Court's ruling or the pace of a case by simply filing another identical action." (Id.) Also on August 7, 2024, the Clerk of Court entered judgment in the case in accordance with the Court's Order. (Doc. No. 11.)

On August 22, 2024, Plaintiff filed a *pro se* Motion to Vacate. (Doc. No. 12.) On August 28, 2024, the Court issued an order denying Plaintiff's Motion to Vacate, considering it under Federal Rule of Civil Procedure 60(b). (Doc. No. 14.) On May 28, 2025, the Court received and docketed Plaintiff's Motion to Reopen Case. (Doc. No. 15.)

1

At the outset, the Court notes Plaintiff's Motion and attachments neglect to refer to the specific Federal Rule of Civil Procedure under which she seeks to reopen this action. "[M]otions to reopen are most analogous to Rule 60(b) motions under the Federal Rules of Civil Procedure." <u>Odogwu v. Gonzales</u>, 217 F. App'x 194, 197 (4th Cir. 2007); <u>also</u> <u>Stone v. I.N.S.</u>, 514 U.S. 386, 401 (1995). Therefore, the Court will consider this instant motion under Rule 60(b).

Relief under Federal Rule of Civil Procedure 60(b) constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." <u>Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.</u>, 674 F.3d 369, 378 (4th Cir. 2012). The moving party must initially show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. <u>Dowell v. State Farm Fire & Cas. Auto. Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993). Then, the moving party must satisfy the requirements of Rule 60(b). <u>Id.</u> Notably, the Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." <u>McLawhorn v. John W. Daniel & Co., Inc.</u>, 924 F.2d 535, 538 (4th Cir. 1991).

The Court finds there is no basis to grant Plaintiff's motion. Additionally, Plaintiff fails to demonstrate how this instant motion is timely and does not give a valid reason for the delay. Plaintiff is **<u>once again strongly cautioned against repeatedly filing frivolous or improper actions. Doing so may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.</u>**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Case, (Doc. No. 15), is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 30, 2025

Frank D. Whitney
United States District Judge