UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF NORTH CAROLINA, CHARLOTTE.

c/o Court Administrator
401 West Trade Street, Rm 1200
Charlotte, NC. 28202.
Pamela Bondi, US AG, DOJ
950 Pennsylvania, Ave NW
Washington, D.C. 20530

Case No. 3:24-cv-00411, FDW-DCK
including case attached, Jury Demand.

AUDREY L. KIMNER,
    Plaintiff,
v.
DUKE ENERGY CORPORATION, ET AL,
    Defendants.

Motion to re-open both cases that could not be neglected under 18 U.S.C. § 3771, Due Process under victims' rights.

---

    The judges ruled in Error of Law under bad behavior of judges, **fraud upon the court, and using a fraud court order with the wrong case number involving public official S.C. Judge William Wylie. This violated the plaintiff's Due Process under 18 U.S.C. § 3771. Under this code and ADA Rights, the** federal and state employees must be fired by the AG, Pamela Bondi. The State of North Carolina is **now also liable under losses under judicial time frames and failure to act under judicial capacity. Sanctions should apply, and the defendants were properly served in both cases while the defendant's and corporate lawyers tried to conceal federal wire fraud crimes by omitting crucial evidence in this case. All involved were working under color of law intentionally with several public officials involved, which is fraud upon the courts.**

    The plaintiff is copying the U.S. AG, Pamela Bondi who needs to act in this case. The judges attached should be fully disqualified and were aiding and abetting the defendants who are not above the law, or their failed bylaws, which do not trump Federal or State laws. The ORDER is full of untruths and is simply false and moot. Under Federal Rules 59 and 60, the case should be re-opened and paid in full under a Tort from such egregious fraud and failure to act under judicial capacity with false and misleading statements in court documents. The clerk failed to send the orders in a timely manner for the plaintiff to respond, which was intentional and as the lawyers should be disbarred for their felony accessory and after the fact knowingly with the CEO, Lynn Good.

    This was an AWARDED ASSET that was pre-approved. The Corporation and third parties were sued by thousands of employees for misappropriation of investments accounts for Duke Energy, so both cases were not frivolous. The plaintiff does not owe fees for fraud upon the court that was created with public officials, and by law, the plaintiff does not owe any fees. The cases should be paid in full, as sanctions should apply for failure to act by all involved, which was intentional. Please take care of this outrageous matter that should have been resolved years ago under a final court order in 2011, but now damages are warranted under a Tort. Today's Date is 1/26/2026

Respectfully,

Audrey L. Kimner, plaintiff

*Audrey L. Kimner, Plaintiff*

P.O. Box 1493, Carmel, CA. 93921, 831-220-5818, Camjor2026@aol.com